IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Christina Black, | ) | |
| | ) | Civil Action No. 8:16-91-MGL-KFM |
| Plaintiff, | ) | |
| | ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. | ) | |
| | ) | |
| South Carolina Department of | ) | |
| Corrections, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter is before the court on the defendant's motion to dismiss (doc. 5). Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(A), and Local Civ. Rule 73.02(B)(2)(g) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in employment discrimination cases and submit findings and recommendations to the district court.

The defendant removed this case from the McCormick County Court of Common Pleas on January 11, 2016 (doc.1), based upon this court's federal question jurisdiction. *See* 28 U.S.C. § 1331. In her complaint, the plaintiff alleges two causes of action: (1) a federal claim for interference with rights in violation of the Family and Medical Leave Act ("FMLA") and (2) a state law claim for wrongful discharge in violation of public policy.

The defendant has moved to dismiss the case pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6) and for judgment on the pleadings under Rule 12(c). On February 19, 2016, the plaintiff filed a response in opposition to the motion to dismiss (doc. 12), and on February 26, 2016, the defendant filed a reply (doc. 16).

**PLAINTIFF'S ALLEGATIONS**

The plaintiff is a former employee of the defendant South Carolina Department of Corrections ("the defendant" or "SCDC"). SCDC is an agency of the State of South Carolina (doc. 1-1, comp., parties ¶¶ 1- 2).

In her first cause of action, the plaintiff alleges that the defendant violated her rights under the FMLA (doc. 1-1, comp. ¶¶ 6-14, 25-30). The plaintiff alleges that in her most recently updated family medical leave request from her physician, her physician indicated that the plaintiff "suffers from a lifelong condition," she was seen by her doctor on September 25, 2013, and that she was able to return to work on November 20, 2013 (*id., factual allegations* ¶ 13). The plaintiff returned to work on November 21, 2013 (*id.* ¶ 15). Thereafter, she claims that she was "targeted," "reprimanded for pretextual reasons," and ultimately terminated from employment (*id.* ¶¶ 16-23). The plaintiff claims that she went on medical leave under the FMLA for her own serious heath condition and was terminated "for exercising her rights pursuant to the FMLA" (*id.* ¶¶ 27-29). As relief, the plaintiff seeks "back pay, front pay, liquidated damages, interest, attorney's fees and costs, equitable relief as may be appropriate, including reinstatement, and all other relief she may be entitled to under the FMLA" (*id.* ¶ 30).

In her second cause of action, the plaintiff alleges that SCDC terminated her employment in violation of the public policy of South Carolina. Specifically, the plaintiff states that Provisions 1.1, 2.1, and 7.2 of the Code of Ethics for Nurses set forth "clear mandates of public policy" (*id.* ¶¶ 32-33) (citing S.C. Code Ann. § 40-33-70 ("Nurses shall conduct themselves in accordance with the code of ethics adopted by the board in regulation."))). She alleges that SCDC wrongfully terminated her because she "did carry out the functions of her job competently and satisfactorily as reflected in all employee annual evaluations and in accordance with the Code of Ethics for Nurses . . . (*id.* ¶ 35).

2

**APPLICABLE LAW AND ANALYSIS**

***Standard of Review***

The defendant has moved for dismissal of the plaintiff's FMLA cause of action under Federal Rule of Civil Procedure 12(b)(1) and (6) and has moved for judgment on the pleadings on the plaintiff's wrongful discharge in violation of public policy cause of action under Rule 12(c) (doc. 5 at 1).  A Rule 12(c) motion is assessed under the same standards as a motion to dismiss under Rule 12(b)(6).[1] *Occupy Columbia v. Haley*, 738 F.3d 107, 115 (4th Cir. 2013) (citing *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir.1999)).  "The purpose of a Rule 12(b)(6) motion is to test the sufficiency of a complaint." *Williams v. Preiss-Wal Pat III, LLC*, 17 F. Supp. 3d 528, 531 (D.S.C. 2014) (quoting *Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999)).  "[T]he facts alleged 'must be enough to raise a right to relief above the speculative level' and must provide 'enough facts to state a claim to relief that is plausible on its face.'" *Robinson v. American Honda Motor Co., Inc.*, 551 F.3d 218, 222 (4th Cir. 2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 569 (2007)).  "The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted).

While a complaint "does not need [to allege] detailed factual allegations," pleadings that contain mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.  "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Iqbal*, 556 U.S. at 678 (internal quotation marks omitted).  Stated differently, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has

---

[1]As this court finds that partial dismissal of the FMLA cause of action is warranted under Rule 12(b)(6), the Rule 12(b)(1) motion will not be addressed.

3

alleged—but it has not 'show [n]'—'that the pleader is entitled to relief.' " *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).  When determining a motion to dismiss pursuant to Rule 12(b)(6), the court must take all well-pled material allegations of the complaint as admitted and view them in the light most favorable to the non-moving party. *De Sole v. U.S.*, 947 F.2d 1169, 1171 (4th Cir. 1991) (citing *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969)).

**FMLA**

As noted above, the plaintiff's first cause of action is brought under the FMLA. The plaintiff alleges throughout her complaint that she went on FMLA leave for her own serious medical condition (doc. 1-1, comp. ¶¶ 7-30).  Accordingly, the  plaintiff is pursuing her claim under the FMLA's "self-care" provision.   The self-care provision of the FMLA specifically states that "an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for one or more of the following … [b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D).  A plaintiff cannot recover damages from a State for the violation of the FMLA's self-care provision, because, in enacting the FMLA's self-care provision, Congress did not abrogate States' sovereign immunity. *See Coleman v. Ct. of Appeals of Md.*, 132 S.Ct. 1327, 1337–38 (2012) ("In agreement with every Court of Appeals to have addressed this question, this Court now holds that suits against States under [the FMLA's self-care] provision are barred by the States' immunity as sovereigns in our federal system."); *Hale v. Mann*, 219 F.3d 61 (2nd Cir. 2000) (State was entitled to sovereign immunity in former state employee's FMLA suit alleging that he was terminated in retaliation for taking twelve-week leave to deal with his own serious health condition); *Nathan v. Ohio State Univ.*, 984 F. Supp. 2d 789, 811 (S.D. Ohio 2013) (Plaintiff's FMLA retaliation claim is barred as a matter of law).  It is undisputed that SCDC is a state agency and South Carolina has not waived its sovereign immunity to private suits for money

4

damages. *Sarratt v. SCDC*, C.A. No. 2:09-541-HFF-RSC, 2009 WL 995551, at *3 (D.S.C. April 13, 2009).

In the instant case, the allegations in the plaintiff's complaint make clear that she seeks to bring an FMLA claim based on her alleged entitlement to protected leave under the self-care provision of the FMLA.  Therefore, in light of the legal precedent on this issue, it is a matter of law that defendant SCDC is entitled to sovereign immunity from this private suit for money damages that is brought under the self-care provision of the FMLA.

In her response in opposition to the motion to dismiss, the plaintiff concedes that, under *Coleman*, "Congress did not validly abrogate the States' sovereign immunity when it enacted the self-care provision of the FMLA" (doc. 12 at 4).  However, the plaintiff argues:

> "[S]elf-care" is not the only form of FMLA leave taken by Plaintiff.  As identified in Paragraph 6 of her Complaint, "[d]uring her employment with SCDC, Plaintiff exercised her rights guaranteed by the Family Medical Leave Act on more than one occasion." ECF No. 1-1. This includes care of others when the Plaintiff had a sick family member. To the extent her claims include retaliation for FMLA leave for care of others, then sovereign immunity does not apply and this claim should not be dismissed until the facts are further developed.

(*Id.* at 5).  As argued by the defendant, the plaintiff fails to point to any reference in her complaint to FMLA leave under the "family care" provisions of the FMLA (*see generally* doc. 1-1, comp.).  Moreover, while the plaintiff did state that she had exercised her rights under the FMLA during her employment with the SCDC on more than one occasion (*id.* ¶ 6), her  FMLA cause of action is based upon her very specific allegations that she went on medical leave for her own serious medical condition and that, less than two months after returning from that leave, action was taken to terminate her employment (*id.* ¶¶ 26-28; *see id.* ¶¶ 7-23).  Nothing about this cause of action implicates the family care provision of the

FMLA. Accordingly, the facts fail to state a claim to relief that is "plausible on its face" under the family care provision of the FMLA. *See Twombly*, 550 U.S. at 570.

Based upon the foregoing, the plaintiff's FMLA claim for money damages should be dismissed. As noted by the plaintiff in her response to the motion to dismiss (doc. 12 at 4-5), she also seeks in her complaint "equitable relief as may be appropriate, including reinstatement" (doc. 1-1, comp. ¶ 30), which courts have found escapes Eleventh Amendment preclusion even under the self-care provision of the FMLA. *See Williams v. Dorchester Cty. Dt. Ctr.*, 987 F. Supp. 2d 690, 696 n.3 (D.S.C. 2013) (noting that "[t]here is some authority that, in appropriate circumstances, suit may be brought in federal court against a state official in their official capacity seeking prospective injunctive relief, including even under the 'self-care' provision of the FMLA") (citations omitted); *Kronk v. Carroll County, MD*, C.A. No. L-11-0277, 2012 WL 245059, at *8 (D. Md. Jan. 25, 2012) ("Courts have specifically recognized that a plaintiff may seek reinstatement under the doctrine of *Ex Parte Young* in cases alleging violations of the ADA and the self-care provisions of the FMLA."); *Stewart v. Moccasin Bend Mental Hosp.*, C.A. Nos. 07-305, 08-255, 2009 WL 2244621, at *5-6 (E.D. Tenn. July 24, 2009) ("[A] claim for reinstatement brought under the self-care provision of the FMLA falls under the *Ex parte Young* exception to Eleventh Amendment immunity."). The defendant does not respond to this argument in its reply (*see* doc. 16 at 1-2). Accordingly, the motion to dismiss should be granted as to the plaintiff's FMLA claim for money damages and should denied as to the FMLA claim for reinstatement and other equitable relief.

### Discharge in Violation of Public Policy Claim

In her second cause of action, the plaintiff alleges that SCDC terminated her employment in violation of the public policy of South Carolina. Specifically, the plaintiff states that Provisions 1.1, 2.1, and 7.2 of the Code of Ethics for Nurses set forth "clear

6

mandates of public policy" (doc. 1-1, comp. ¶¶ 32-33). She alleges that SCDC wrongfully terminated her because she "did carry out the functions of her job competently and satisfactorily as reflected in all employee annual evaluations and in accordance with the Code of Ethics for Nurses…" (*id.* ¶ 35).

The defendant argues that the plaintiff's claim fails for at least three reasons. First, the defendant argues that the plaintiff is estopped from bringing the claim due to the finding of the State Employee Grievance Committee (the "Committee"),[2] which considered and rejected this argument in its Final Decision regarding the plaintiff's grievance of her termination; second, the defendant argues that the plaintiff's claim is preempted by a statutory remedy under the State Whistleblower's Act, which provided a statutory remedy for her claim; and third, the defendant argues that the plaintiff's allegations fail to state a claim for wrongful discharge (doc. 5 at 3-8).

The general rule in South Carolina is that employment for an indefinite term is at-will and may be terminated by either party at any time with or without reason. *See Mathis v. Brown & Brown of S.C., Inc.*, 698 S.E.2d 773, 778 (S.C.2010). There is an exception to at-will employment "where there is a retaliatory termination of the at-will employee in violation of a clear mandate of public policy." *Barron v. Labor Finders of S.C.*, 713 S.E.2d 634, 636–37 (S.C. 2011) (citing *Ludwick v. This Minute of Carolina, Inc.*, 337 S.E.2d 213 (S.C. 1985)). "Courts have invoked the public policy exception in two instances: (1) where an employer requires an employee, as a condition of continued

---

[2]The plaintiff argues that consideration of the Committee's decision will transform the defendant's motion to a Rule 56 motion for summary judgment (doc. 12 at 6). As the undersigned has not considered this document or any other matters outside the pleadings in finding that the plaintiff has failed to state a claim for wrongful discharge in violation of public policy, as set forth below, this argument is without merit. *See* Fed. R. Civ. P. 12(d). The plaintiff also argues that the defendant's Rule 12(c) motion for judgment on the pleadings is premature as the defendant has not yet filed an answer (doc. 12 at 6). However, as the standards of review under Rule 12(b)(6) and 12(c) are the same, this argument has no bearing on the outcome of this case.

employment, to break the law, and (2) where an employer's termination is itself illegal." *Taghivand v. Rite Aid Corp*., 768 S.E.2d 385, 387 (S.C. 2015) (citations omitted).

In this case, the plaintiff alleges that SCDC fired her for refusing to follow her supervisor's order because she believed doing so would violate the American Nursing Association's Code of Ethics, which has been adopted by the South Carolina Board of Nursing (the "Board")[3] (doc. 1-1, comp. ¶ 32).

The undersigned agrees with the defendant's third argument – that the plaintiff's allegations fail to state a claim for wrongful discharge in violation of public policy. The plaintiff relies on the adoption of the American Nursing Association's ("ANA") Code of Ethics by the Board as the source of the "public policy" that SCDC allegedly violated when it terminated the plaintiff's employment for misconduct (*id.* ¶¶ 32-33). The provisions of the ANA's Code of Ethics in the plaintiff's complaint set forth (1) the importance of a nurse's respect for, and commitment to, the recipients of nursing and health care services, and (2) that nurses must follow appropriate practice standards (*id.*). As argued by the defendant, the plaintiff's wrongful discharge claim fails because she cannot show that the Board's adoption of the Code suffices to transform it into a "clear mandate of public policy" of South Carolina.

In *Taghivand v. Rite Aid Corp.*, the Supreme Court of South Carolina recently affirmed dismissal of a wrongful discharge in violation of public policy claim by noting that "we exercise restraint when undertaking the amorphous inquiry of what constitutes public policy." 768 S.E.2d 385, 387 (S.C. 2015). In *Taghivand*, the court rejected the plaintiff's attempts to establish a public policy exception to the at-will employment doctrine to "protect the good faith reporting of a crime," even where the plaintiff could point to statutory and common law that forbade interference or intimidation of witnesses (S.C. Code Ann. §

---

[3] South Carolina's Code of Regulations 91-32 states, "The Board adopts the American Nursing Association's Code of Ethics."

8

16-9-340), outlawed obstruction of justice (common law), and acknowledged the importance of cooperation with law enforcement and prosecution agencies (S.C. Code Ann. § 16-3-1505). 768 S.E.2d at 387-89.  The plaintiff there unsuccessfully argued that these sources of law – and the more general mandate of protecting a functioning criminal judicial system – created a public policy exception to the at-will doctrine.   In sum, the South Carolina Supreme Court found as follows:

> Unquestionably, society benefits from citizen participation in the criminal justice system, and no one can reasonably dispute that reporting the commission of a crime is a commendable act. However, the question before us today is not whether this state applauds citizen participation in the criminal justice system, but whether this interest mandates an exception to the at-will employment doctrine.
>
> Moreover, the public policy of this state finds expression in our longstanding adherence to at-will employment; any exception to this doctrine, which is itself firmly rooted in the public policy of this state, should emanate from the General Assembly, and from this Court only when the legislature has not spoken. Absent a more clear and articulable definition of policy from the General Assembly regarding those who report suspected crimes, we refuse to broaden the exception to the at-will employment doctrine today.

768 S.E.2d at 389.

Similarly, as argued by the defendant, while the ANA's Code of Ethics cited by the plaintiff expresses laudable sentiments, it does not have the force of law and does not express a "public policy exception" to the at-will employment doctrine.  Based upon the foregoing, the defendant's motion to dismiss the plaintiff's state law cause of action should be granted.

## **CONCLUSION AND RECOMMENDATION**

Wherefore, based upon the foregoing, this court recommends that the defendant's motion to dismiss (doc. 5) be granted in part and denied in part as to the FMLA claim and granted as to the wrongful discharge in violation of public policy claim.

IT IS SO RECOMMENDED.

s/ Kevin F. McDonald
United States Magistrate Judge

July 27, 2016
Greenville, South Carolina

10